IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas J. D'Angelo,<br><br>        Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>        Respondents. | No. CIV 04-1006-PHX-MHM (DKD)<br><br>**ORDER** |

Petitioner Thomas J. D'Angelo ("Petitioner") filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 on May 18, 2004. This matter was referred to Magistrate Judge David K. Duncan who, on June 22, 2007, after conducting an evidentiary hearing on February 2, and 6, 2006, issued a Report and Recommendation that recommends that the Court deny the Petition and dismiss it with prejudice. (Dkt.#44). On August 16, 2007, after receiving an extension, Petitioner filed his objections to the Report and Recommendation. (Dkt.#50). The Respondents have not filed any opposition to the Report and Recommendation.

**STANDARD OF REVIEW**

The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114,

1121 (9th Cir. 2003)(en banc); See 28 U.S.C. § 636(b)(1)(C)("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

## DISCUSSION

The Court has considered the pleadings and documents of record in this case and agrees with the Magistrate Judge that the Petition should be denied and dismissed with prejudice. In opposition to the Magistrate Judge's Report and Recommendation, the Petitioner had filed several objections to which this Court has reviewed de novo. Upon such review, the Court finds unpersuasive the Petitioner's arguments. Petitioner's objections relate to the Magistrate Judge's findings regarding Petitioner's ineffective assistance of counsel claims based upon his trial and appellate counsels' conduct during the representation of Petitioner at certain stages of the state court proceedings as well as due process violations at trial. The Court will address those objections now.

**A.   Trial Counsel's Alleged Failure to Properly Investigate All Available Defenses and Failure to Retain and Call a Ballistics Expert For Expert Opinion at Trial**

Petitioner contends that he demonstrated both deficient performance by his trial counsel, Carrie Chaplin ("trial counsel"), and resulting prejudice due to his trial counsel's failure to properly investigate Petitioner's case. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding that criminal defendant claiming ineffective assistance of counsel must show: (1) that attorney's performance was so deficient that the attorney was not functioning as "counsel" guaranteed by the Sixth Amendment; and (2) the deficient performance prejudiced the defendant from receiving a fair trial.).[1]  With respect to an inadequate

---

[1] Prejudice exists where the defendant shows a "reasonable probability" that the result of the proceedings would have been different but for counsel's alleged errors. Id. at 694.

- 2 -

1 investigation, Petitioner argues primarily that trial counsel failed to contact and interview
2 witnesses who were at a bar with the victim, Les Holden (the "victim"), shortly before the
3 shooting took place as well as the cab driver who drove the victim shortly before the incident
4 as well. Petitioner states that such witnesses and investigation could have produced probative
5 evidence as to the victim's state of mind shortly before the shooting of the victim, which
6 Petitioner asserted, at trial, was done in self defense. Petitioner states "[n]othwithstanding the
7 availability of these witnesses, trial counsel failed to make any attempt to locate these
8 individuals." (Petitioner's Objection, Dkt.#50, p.3).

9       In reviewing the record, as determined by the Magistrate Judge, the Petitioner does not
10 offer a persuasive argument based upon a failure to investigate by trial counsel with respect
11 to these potential witnesses.  As noted by the Magistrate Judge, the Parties had already
12 stipulated to the victim's intoxication and several witnesses offered testimony to that effect
13 at trial as well.  In addition, trial counsel introduced evidence suggesting that the victim
14 became violent when he was intoxicated.  While trial counsel did state at the evidentiary
15 hearing that such witnesses at the bar shortly before the shooting or the cab driver could have
16 provided relevant information to Petitioner's trial, the existence of relevant information is not
17 the test in evaluation of ineffective assistance of counsel claims. (Transcript, Dkt.#47, p.12,
18 ll. 17-20).  Rather, based upon the fact that trial counsel had already brought out at trial
19 evidence regarding the victim's propensity for violence while intoxicated and stipulation
20 between the parties as to the victim's intoxication, this Court cannot find that trial counsel's
21 conduct or inaction in interviewing such witnesses rises to the level of ineffective assistance
22 of counsel.  At best, as noted by the state court and the Magistrate Judge, this argument
23 appears to be primarily based upon speculation. See Bragg v. Galaza, 242 F.3d 1082, 1088
24 (9th Cir. 2001) (denying, in part, petition based upon counsel's failure to investigate where
25 petitioner failed to identify what witness would have said, thus making reliance thereupon
26 speculative).

27
28

1    Similarly, the Court finds unpersuasive the Petitioner's argument regarding trial
2 counsel's failure to retain and call a ballistics expert to render an expert opinion at trial. First,
3 and perhaps most notably, Petitioner's expert, Dr. Edard William Love, Jr.,acknowledged at
4 the evidentiary hearing that with the benefit of reviewing certain reports and testimony, he
5 did not know whether the results of the various tests he proposed as to a proper investigation
6 would have assisted the Petitioner's case. (Transcript, Dkt.#47, p.53, ll.15-20). Again, as
7 noted by the trial court, such speculation is insufficient to support an ineffective assistance
8 of counsel finding.(Respondents' Answer, Exhibit C).[2]  Moreover, Petitioner's trial counsel
9 testified that with the brief extension afforded by the trial court, she did interview a court
10 appointed expert, Mr. Richard Watkins, who disclosed that the state expert's findings were
11 reasonable as well as discussed appropriate questions to be raised upon cross-examination of
12 the state's expert. (Transcript, Dkt.#47, pp.93-94, ll.6-2). While Petitioner contends that such
13 use or discussion with the expert was inadequate, the Court cannot find, based upon the
14 evidence presented, that such conduct by trial counsel was deficient by Sixth Amendment
15 standards.

16    **B.    Appellate Counsel's Alleged Failure to Raise Strong Issues on Appeal**
17         **(1)    Prosecutorial Misconduct**

18    Petitioner contends that his appellate counsel, Garrett Simpson ("appellate counsel")
19 was deficient with respect to his decision or failure to raise the issue of prosecutorial
20 misconduct on direct appeal. At the evidentiary hearing, appellate counsel testified that he
21 did not see a persistent, pervasive pattern that would support such a claim on appeal, thus he
22 decided to focus the appeal elsewhere. (Transcript, Dkt.#47, pp.148, ll. 21-12). In Petitioner's
23 objections to the Court, Petitioner contends that such a persistent, pervasive pattern existed
24 as evidenced by the numerous objections and motions for sanctions filed by trial counsel. In

---

[2]It is also worth noting that Dr. Love did not review several of the reports at issue during the trial. (Transcript, Dkt.#47, pp.46-47).

- 4 -

1  fact, Petitioner notes that trial counsel testified at the evidentiary hearing that she expected
2  that the issue would be raised on appeal and that trial counsel testified that such asserted
3  misconduct "prejudiced our ability to do the hundred percent best job we could . . . ."
4  (Transcript, Dkt.#47, pp.129-130, ll.22-1).

5        The Court is not persuaded by Petitioner's argument as to the existence of ineffective
6  assistance of appellate counsel based upon the absence of the assertion of the prosecutorial
7  misconduct issue on appeal. See State v. Hughes, 193 Ariz. 72, 79 (1998) ("To prevail on a
8  claim of prosecutorial misconduct, a defendant must demonstrate that the prosecutor's
9  misconduct 'so infected the trial with unfairness as to make the resulting conviction a denial
10 of due process.'" (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). Petitioner
11 cites several examples to support his contention that prosecutorial misconduct was so
12 persistent and pervasive that it was deficient for appellate counsel not to raise it as an issue
13 on appeal.

14       As an initial matter, it is important to note that some degree of deference is afforded
15 to an attorney's decision, after evaluation, as to which arguments to advance on appeal. See
16 Smith v. Murray, 477 U.S. 527, 536 (1986) ("Th[e] process of 'winnowing out weaker
17 arguments on appeal and focusing on' those more likely to prevail, far from being evidence
18 of incompetence, is the hallmark of effective appellate advocacy." (quoting Jones v. Barnes,
19 463 U.S. 745, 751-52 (1983)). In addition, contrary to Petitioner's arguments, the instances
20 evidencing prosecutorial misconduct are not as strong or persuasive as Petitioner contends.
21 For instance, Petitioner asserts that the record reveals that the State acted in bad faith by not
22 preserving material evidence of a 911 phone call made by David Zarra and failed to disclose
23 the deposition of Mr. Zarra.  However, after an evidentiary hearing, the trial court denied
24 Petitioner's motion to dismiss based upon the failure to preserve finding it "not grounded in
25 good faith." (Respondents' Answer, Exhibit L, R.T. 8/12/99 at 15). Moreover, the trial court
26 also concluded that defense counsel was aware of Mr. Zarra's deposition. (Supplemental
27 Petition, Exhibit T, p.36).  Similarly, the Petitioner's reliance upon the State's recorded

- 5 -

1 conversation between Petitioner and his trial counsel also does not demonstrate that
2 prosecutorial misconduct should have been raised on appeal.  The record reflects that the
3 investigator avows that the recording was inadvertent as Petitioner phoned trial counsel at
4 home, which was not listed as a "legal phone number." (Supplemental Petition, Exhibit S).
5 Moreover, and perhaps more importantly, the record reveals that the State disclosed the phone
6 call to the court and trial counsel. (Id).  Finally, the Court also does not find compelling the
7 Petitioner's reliance on the purported late disclosure of the ballistics report authored by the
8 State's expert.  Notably, in response to trial counsel's motion for discovery sanction, the trial
9 court permitted the report as well as offered additional time for trial counsel to prepare.

10 In sum, the circumstances surrounding the prosecutorial misconduct issue presented
11 by Petitioner are not as compelling as Petitioner would have the Court believe.  As described
12 by appellate counsel during the evidentiary hearing and through the record, appellate counsel
13 did a sufficient review of the record and raised credible issues on appeal.  The fact that the
14 issue of prosecutorial misconduct was not raised does not demonstrate that appellate counsel's
15 representation was constitutionally deficient.

### (2)     Limitation on Victim's Prior Conviction

17 Petitioner raises issue with the Magistrate Judge's finding as to Petitioner's claim for
18 ineffective assistance of counsel based upon appellate counsel's alleged failure to raise on
19 appeal the trial court's restriction as to the admissibility of the victim's prior conviction for
20 aggravated assault.  According to Petitioner, the restriction by the trial court preventing
21 Petitioner's trial counsel from bringing out the specific facts surrounding the crime warranted
22 that the issue be presented on appeal.  However, in reviewing the record, this Court is in
23 agreement with the Magistrate Judge that such a claim is unpersuasive.  For instance,
24 appellate counsel expressly testified that such a claim was not worth being raised on appeal
25 because: (1) the victim's character was already impeached by the fact of the conviction and
26 was before the jury; and (2) Petitioner testified at trial that he had accidentally fired his
27 weapon first, which caused appellate counsel to believe the deadly force confrontation was

sparked by Petitioner and not the victim, which tainted this as a viable issue on appeal. (Transcript, Dkt.#47, pp.145-146, ll.6-4).   While Petitioner clearly disagrees with such an explanation, that fact is not germane to whether appellate counsel exercised ineffective assistance of counsel in deciding not to raise this issue on appeal.  In reviewing the record, it is apparent to this Court that Petitioner's argument is not well supported as there is an adequate basis in the record for not asserting this argument on appeal.

### (3)     Improper Jury Instruction as to Alternative Charge

Appellate counsel's decision not to raise on appeal the issue regarding the instruction by the trial court to the jury as to both attempted murder and aggravated assault rather than including aggravated assault as a lesser included offense also does not demonstrate ineffective assistance of counsel by appellate counsel.  As an initial matter, the Court, as noted by appellate counsel at the evidentiary hearing, fails to see the existence of any prejudice created by the assertion of both as separate charges rather than the aggravated assaulted charges as a lesser included.  Notably, the trial court dismissed the aggravated assault conviction at the close of trial. (Respondents' Answer, Exhibit H, p.22).   Moreover, appellate counsel was justifiably concerned that by raising the issue on direct appeal, the issue could be precluded on post-conviction review.  As such, there is no basis to support an ineffective assistance of counsel claim based upon appellant counsel's decision not to pursue this issue on appeal.

### C.     Petitioner's Due Process Argument Regarding Trial Court's Alleged Erroneous Instruction on the Definition of Premeditation

Petitioner also objects to the Magistrate Judge's denial of Petitioner's claim based upon alleged deficient instructions given to the jury.  Specifically, Petitioner contends that the trial court violated his due process rights by instructing the jury that premeditation did not require proof of actual reflection.  The Magistrate Judge like the Arizona Court of Appeals rejected this contention on the grounds that the Petitioner had failed to demonstrate that the instruction "did not deprive Defendant of a right essential to his defense." (Respondents' Answer, Exhibit A ¶ 17; Report and Recommendation, p.11).  Again, in reviewing the record and Petitioner's

1 objections, this Court also finds that Petitioner's all or nothing defense to the charges against
2 him based upon self-defense and the absence of any objection by Petitioner at trial to the
3 instruction warrants the denial of Petitioner's claim. See State v. Van Adams, 194 Ariz. 408,
4 414,15 (1999) (holding that any error regarding premeditation instruction based upon absence
5 of "actual reflection" did not deprive defendant of a right essential to his defense where the
6 defendant did not offer any objection at trial and defense rested solely on total innocence or
7 mistaken identity rather than on absence of actual reflection).

### D. Petitioner's Due Process Argument Regarding First Degree Burglary Conviction

Lastly, Petitioner objects to the Magistrate Judge's findings regarding Petitioner's due process claim based upon his alleged improper conviction for First Degree Burglary due to an absence of evidence to support such a charge. Again, as held by the Arizona Court of Appeals, the Magistrate Judge concluded that such a conviction was supported, in part, because even assuming that Petitioner had the authority to be in the residence, "his actions far exceeded the purpose for which . . . [he received] permission to enter the house." (Respondents' Answer, Exhibit A, ¶ 21; Report and Recommendation, p.11); See McCreary v. State, 25 Ariz. 1, 2-3 (1923) (holding that where permission to enter premises is granted such permission does not include permission to commit a felony). Petitioner disputes such a finding stating "[t]he testimony of both Petitioner and Nanci Holder [the victim's mother] established that Petitioner had permission to enter the residence, and when he did enter, it was not with the intent to commit a felony." (Objections, p.11). However, this argument is not persuasive as the jury's verdict is supported by contrary evidence indicating that Petitioner was not granted permission to enter the house at all, including from the testimony of the victim himself.

### SUMMARY

After reviewing the Petitioner's objections to the Magistrate Judge's Report and Recommendation, the Court finds that Petitioner does not advance any grounds warranting

- 8 -

1  the relief requested in the Petition. Specifically, Petitioner does not advance any persuasive
2  argument suggesting the existence of ineffective assistance of counsel by Petitioner's trial or
3  appellate counsel nor does Petitioner present a persuasive argument suggesting that
4  Petitioner's due process rights were violated in the state court proceedings.

5  **Accordingly,**

6  **IT IS HEREBY ORDERED** adopting the Report and Recommendation of the
7  Magistrate Judge. (Dkt.#44).

8  **IT IS FURTHER ORDERED** overruling Petitioner's objections to the Report and
9  Recommendation. (Dkt.#50).

10  **IT IS FURTHER ORDERED** denying the Petition and dismissing it with prejudice.
11  (Dkt.#1).

12  **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
13  accordingly.

14  DATED this 27th day of September, 2007.

_____
Mary H. Murgula
United States District Judge